*In the United States District Court
for the Northern District of Illinois
Eastern Division*

| | |
|---|---|
| Peter A. Henschel,<br><br>     Plaintiff,<br><br>--v--<br><br>Cigna Group Insurance, a corporation,<br><br>     Defendant. | FILED: AUGUST 12, 2008<br>08CV4577<br>JUDGE KENNELLY<br>MAGISTRATE JUDGE COX<br>JFB |

## Complaint for ERISA benefits and other relief

Plaintiff complains of defendant as follows:

### Parties

1. Plaintiff is Peter A. Henschel, who is an individual residing in the City of Milwaukee in Milwaukee County, State of Wisconsin.

2. Defendant is Cigna Group Insurance ("Cigna"), a corporation headquartered in Philadelphia, PA.

### Mr. Henschel's career with Polycom

3. From August 2004 through Spring 2005, Mr. Henschel worked full time, energetically and effectively, in his successful marketing career in the electronics industry.

4. Mr. Henschel started with Polycom in January 2005, and was assigned a territory in NE Illinois which had sales of $23,000 per month at that time. By July, 2005 the territory had, under Henschel's direction, increased sales volume to $220,000 per month.

5. Mr. Henschel remained employed by Polycom until March 2006.

**Mr. Henschel's participation in Polycom's STD and LTD plans**

6.  As an employee of Polycom's, Mr. Henschel was a participant in the Polycom's short-term disability and long-term disability plans.

7.  During Mr. Henschel's employment with Polycom, Mr. Henschel either contributed to the STD and LTD plans or had contributions made to those plans on his behalf.

**Mr. Henschel comes down with idiopathic CNS hypersomnia**

8.  Dr. Woodson of the Wisconsin Medical College took Mr. Henschel out of work beginning July 27, 2005. This removal from work was prompted by Mr. Henschel's having fainted while operating a motor vehicle, an alarming event.

9.  Mr. Henschel continued to suffer and to seek treatment. In January 2006, his condition was diagnosed as idiopathic CNS hypersomnia (narcolepsy).

**Defendant Cigna pays and then revokes Mr. Henschel's disability benefits**

10. Defendant Cigna issued and administered the insurance policies which were Polycom's short-term disability and long-term disability plans.

11. Defendant Cigna initially paid Mr. Henschel short term disability benefits.

12. As Mr. Henschel's periods of intermittent disability become more extended, Cigna denied further short-term benefits based on alleged inadequate proof of disability. Later, Cigna abandoned this position and shifted to an alleged "pre-existing condition" to deny Mr. Henschel further short-term disability benefits.

13. Later, Cigna also denied Mr. Henschel long-term benefits.

14. Defendant Cigna denied Mr. Henschel's benefits based on an alleged "pre-existing condition" even though none of Mr. Henschel's doctors supported defendant Cigna's theory and, in fact, all of Mr. Henschel's doctors stated unequivocally that Mr. Henschel's idiopathic CNS hypersomnia was not a pre-existing condition and had only developed or manifested at the earliest in mid 2005.

15. Defendant Cigna utterly failed to have any relevant medical specialist, such as a sleep specialist, examine Mr. Henschel or review Mr. Henschel's medical records nor did defendant Cigna have any other reasonable basis for its position that Mr. Henschel's disability was a pre-existing condition. Defendant Cigna did not develop any rationale to show why the opinions of Mr. Henschel's treating doctors and factual issues were invalid, misguided or incorrect, and selectively used limited record excerpts. Defendant Cigna and its' plan completely failed to perform its fiduciary duties and in fact blatantly and aggressively advocated its' own interests over Mr. Henschel's plan rights, and in defiance of the facts in the record.

16. Defendant Cigna blindly and frequently repeated the same reason for denial, with no further analysis or support and based mainly on the bare assertions of the case evaluator.

17. The plan administrator made only a perfunctory review of the record and summarily affirmed the many denials of benefits, with no further analysis or support.

**Jurisdiction, venue, and conditions precedent**

18. This Court has jurisdiction under ERISA §502(e) [29 U.S.C. §1132(e)] and under §1331 of the Judicial Code [28 U.S.C. §1331] and has supplemental jurisdiction under §1367 of the Judicial Code [28 U.S.C. §1367].

19. Venue is proper in the Northern District of Illinois pursuant to ERISA §502(e) [29 U.S.C. §1132(e)] and §1391(b) of the Judicial Codea. [28 U.S.C. §1391(b)], because:

    a. Mr. Henschel worked for insured Polycom in the Northern District of Illinois and reported to insured Polycom's Rosemont, Illinois, office, in the Northern District of Illinois, Eastern Division,

    b. Defendant Cigna's regional office in Chicago, Illinois, in the Northern District of Illinois, administers CIGNA's operations in Illinois, Wisconsin, Minnesota, and Indiana including insured Polycom's account,

    c. Both defendant Cigna and insured Polycom, at all times relevant to this complaint, maintained agents and conducted business in the Northern District of Illinois and may be found in the Northern District of Illinois, Eastern Division.

20. Mr. Henschel has served by certified mail copies of this Complaint on the Secretary of Treasury and the Secretary of Labor, in accordance

with 29 U.S.C. §1132(h).

21. All conditions precedent to Mr. Henschel's bringing this ERISA claim and to his collecting benefits under this ERISA plan have been performed by Mr. Henschel and/or have occurred.

## Count I – Claim for Benefits under ERISA

22. Mr. Henschel realleges ¶¶1 through 21 of this Complaint.

23. Defendant's denial of Mr. Henschel's long-term disability benefits violates ERISA.

*Wherefore*, plaintiff prays for judgment in his favor and against defendant Cigna Group Insurance for:

    a. The benefits due him under the Short-Term and Long-Term Disability Plans;

    b. Pre-judgment interest on the benefits due him under the Short-Term and Long-Term Disability Plans;

    c. Reinstatement to the Long-Term Disability Plan until such time as he no longer qualifies for benefits under the terms of that Plan;

    d. Reasonable attorney's fees;

    e. The reasonable costs and expenses of this suit; plus

    f. Such other relief as this Court deems just.

## Count II – Illinois Statutory Penalty against Cigna

24. Mr. Henschel realleges ¶¶1 through 21 of this Complaint.

25. At all times relevant hereto, there was in full force and effect in Illinois a

statute known as Insurance Code §155, 215 ILCS 5/155.

26. Illinois Insurance Code §155 is specifically directed toward entities engaged in insurance.

27. Illinois Insurance Code §155 substantially affects the risk pooling arrangement between insurers and their insureds.

28. Defendant Cigna's reversal of its decision to grant Mr. Henschel his short-term disability benefits and its continued denial of his long-term disability benefits has been vexatious and unreasonable.

29. Under Illinois Insurance Code §155, Mr. Henschel is entitled to reasonable attorney`s fees plus a statutory penalty.

**Wherefore**, plaintiff prays for judgment in his favor and against defendant Cigna Group Insurance for:

 a. A statutory penalty as calculated by Illinois Insurance Code §155;

 b. Reasonable attorney`s fees;

 c. The reasonable costs and expenses of this suit; plus

 d. Such other relief as this Court deems just.

## Count III – Breach of Duty to Deal in Good Faith

*[Note: Compensatory and punitive damages are generally thought to be unavailable in ERISA benefit claims, see, e.g., Mertens v. Hewitt Assocs., 508 U.S. 248 (1993); this Count is pled as a good-faith attempt modify or reverse existing law and to preserve that issue for appeal.]*

30. Mr. Henschel realleges ¶¶1 through 21 of this Complaint.

31. Defendant had a duty under ERISA to deal fairly and in good faith with Mr. Henschel.

32. Alternatively and/or in addition thereto, defendant had a duty that was implied in the Illinois law of insurance to deal fairly and in good faith with Mr. Henschel.

33. By the facts pled in this Complaint, defendant breached that duty.

34. As a proximate result of defendant's breach of duty, Mr. Henschel lost his long-term disability benefits, suffered economic hardship, and suffered mental anguish and stress.

35. To deter others from committing similar breaches of the duty to deal fairly and in good faith, and to punish defendants for breaching that duty in their dealings with Mr. Henschel, exemplary damages and attorney`s fees should be awarded.

***Wherefore***, plaintiff prays for judgment in his favor and against defendant Cigna Group Insurance for:

   a. Incidental and consequential damages;

   b. Exemplary damages;

   c. Reasonable attorney`s fees;

   d. The reasonable costs and expenses of this suit; plus

   e. Such other relief as this Court deems just.

|  |  |
|---|---|
|  | Peter A. Henschel, |
| David L. Lee | Plaintiff, |
| ARDC #1604422 |  |
| d-lee@davidleelaw.com | By: _____ s/ David L. Lee |
| Law Offices of David L. Lee | One of his attorneys |
| 53 W. Jackson Blvd. |  |
| Suite 660 |  |
| Chicago, IL 60604 |  |
| 312-347-4400 |  |